# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RAMON ALVARADO, JR.,**
      **Plaintiff,**

   v.                                                        **Case No. 19-C-194**

**MILWAUKEE COUNTY,** *et al.,*
      **Defendants.**

---

## ORDER

Ramon Alvarado, Jr., a Wisconsin State prisoner who is representing himself, filed a lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was a pretrial detainee at the Milwaukee County Jail. He also filed a motion to proceed without prepaying the filing fee. This order grants his motion to proceed without prepayment of the filing fee and screens his complaint.

*Motion to Proceed Without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was a prisoner when he filed this case. 28 U.S.C. § 1915A(c). The PLRA gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On February 7, 2019, I ordered the plaintiff to pay an initial partial filing fee of $12.37. He paid that fee on February 21, 2019. Accordingly, I will grant the plaintiff's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners and pre-trial detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

The plaintiff was a pre-trial detainee at the Milwaukee County Jail in February 2018. On February 9 at 10:55 a.m., the plaintiff was in the Pod 6A gym. He was talking

with Officer B. Anderson, who had a dog with him. Defendant C.O. Teana Jackson saw the plaintiff and told him he was getting a 23-hour cell confinement. He argued that she could not punish him for speaking with another officer and that he was a good inmate. Jackson replied, "You don't run shit around here, go lock in!" (Docket No. 1 at 3.) The plaintiff responded, "Go lock me in yourself!!!" and then went to his cell (cell 34) on the second tier of the pod.

The plaintiff and Jackson had another interaction when she was locking in the inmates on the plaintiff's pod. The plaintiff, in short, told her that if she was not so disrespectful to him, he would have defended her against another inmate who had been disrespectful to her. Jackson returned to his cell and said, "Go ahead and hit me." (*Id.*) The plaintiff stated he was referring to hitting another inmate, and Jackson closed his door and returned to locking in other inmates. When she reached the bottom of the stairs from the second tier (where the plaintiff's cell was), an inmate yelled out from his cell, "I smell pussy!" Jackson then shouted, "Yeah that's right cell 34 is a pussy!" referring to the plaintiff's cell.

Jackson returned from her break around 12:20 p.m., at which time they began serving lunch. According to a food worker, Jackson ordered plaintiff a soft tray. When Jackson brought it to his cell and opened the door, the plaintiff rushed the door. Jackson said, "Go ahead and hit me." (*Id.*) The plaintiff pointed his finger at her and told her to stop disrespecting him. Jackson then struck the plaintiff in the face, and the plaintiff struck her back. They fought in his cell. Two other inmates and pod worker Jason (also an inmate) entered his cell to stop the fighting. Another officer, Ither, was also present. The plaintiff stopped fighting and surrendered. He then got punched on the right side of his back. The

plaintiff then covered his upper body with his arms and hands. Jackson struck him several times in the side of the head, and the plaintiff rushed out of the cell to get out so he would be in view of the camera. The three inmates then began assaulting him. Jackson and Ither did nothing to stop it. Jackson then punched him and used her taser on him. She got on his back and grabbed his hair, slamming his face into the ground.

The plaintiff filed a grievance on July 23, 2018 and never got a response. He filed another grievance on September 28, 2018 and again got no response. He suffered bruising and a broken rib as well "three months of brain trauma." (*Id.* at 4.) He also experiences memory and vision problems and depression, anxiety, PTSD, and concentration problems.

*Analysis*

The plaintiff states he wants to bring numerous federal and state-law claims. The court finds that the plaintiff's complaint states claims for: excessive force, failure to protect, and state-law battery.

A pretrial detainee's claim of excessive force is governed by the Due Process Clause of the Fourteenth Amendment. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In *Kingsley*, the Court explained that excessive force is solely an objective, not subjective, determination and that "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2472–73. At this stage, the plaintiff's allegations that Jackson punched him and used her taser on him are sufficient to state a claim against her. While he mentions that Ither was present,

4

the plaintiff does not make any specific allegations against him with respect to use of force. And I also note that he cannot pursue federal claims against any of the other inmates because they are not state actors.

The plaintiff does state a claim against Ither for failing to intervene (that is, for failing to protect him). To state a claim that a jail official failed to protect him, a pretrial detainee must allege that (1) the defendant acted purposefully, knowingly, or recklessly when they considered the consequences of their handling of a plaintiff's situation, and (2) the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). A detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (citations omitted). Drawing all reasonable inferences, Ither was present while Jackson (and the other inmates) were beating the plaintiff and when Jackson used her taser on the plaintiff. At this point, this is sufficient to allege that Ither's failure to intervene on the plaintiff's behalf or protect him from harm violated his constitutional rights.

The plaintiff states he wants bring several other federal, constitutional claims, but they do not have support in his complaint. First, he says that he wants to bring a claim for deliberate indifference. But the plaintiff does not say who was deliberately indifferent to what. He also says he wants to bring claims relating to wide-spread customs and practices (such as training). But "[t]o establish a municipal policy or custom, [the plaintiff] must allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. Wis. 2009). He has not done so. I therefore dismiss the defendants against whom the plaintiff wants

5

to bring claims based on a policy or custom: Milwaukee County, the Milwaukee County Sheriff, John Does 1–3, and Jane Does 1–3.

Finally, the plaintiff states he would like to bring state-law claims for assault and battery and for the intentional infliction of emotional distress. Where a district court has original jurisdiction over a civil action (as is the case here), it also has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367(a), so long as the claims "derive from a common nucleus of operative fact with the original federal claims," *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). The claims must be more than "tangentially related." *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

The elements of civil battery include: (1) the unlawful use of force or violence upon another; (2) the intentional direction of such force or violence at the person of another; and (3) the sustaining of bodily harm by the person against whom such force or violence is directed. *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 685 n. 4 (1993). To prove intentional infliction of emotional distress, a plaintiff must show: (1) the defendant intended to cause emotional distress by his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling response to the defendant's conduct. *Terry v. Journal Broadcast Corp.*, 351 Wis. 2d 479, 515 (Ct. App. 2013) (internal quotations and citation omitted). I am satisfied that the plaintiff will have to present evidence to prove his federal claims that will overlap the evidence he needs to present to

6

prove both civil battery and intentional infliction of emotional distress. I will exercise supplemental jurisdiction over these claims

*Conclusion*

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants, Tenea Jackson and Julio Ither.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the Milwaukee County defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $337.63 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. if plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 10th day of May, 2019.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge