UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RAMON ALVARADO, JR.,**

    **Plaintiff,**

v.                                                                        Case No. 19-CV-194

**TEANA JACKSON and**
**JULIO ITHIER,**

    **Defendants.**

---

### ORDER

---

Plaintiff Ramon Alvarado, Jr., a Wisconsin inmate representing himself, filed this lawsuit about a physical altercation that occurred on February 9, 2018 between himself and defendant Teana Jackson (and other inmates) while he was at the Milwaukee County Jail. He is now housed at Waupun Correctional Institution. Alvarado has filed numerous motions, including motions to amend his complaint, a motion to join this case with another of his pending cases (19-CV-195), motions relating to discovery and scheduling, and a motion to appoint counsel. I will address each in turn.

    1. *Motions to Amend Complaint and Motion for Reconsideration*

When District Judge Lynn Adelman screened Alvarado's complaint, he allowed Alvarado to proceed on four claims: an excessive force claim against defendant Teana Jackson, a failure to protect/intervene claim against defendant Julio Ithier, a state-law battery claim, and a state law intentional infliction of emotional distress claim. (Docket # 8.) Judge Adelman specifically told Alvarado he could not sue Ithier for excessive force or

sue based on a widespread custom or practice because he failed to provide any allegations that would support either claim. (*Id.* at 5–6.)

Alvarado filed two motions to amend his complaint and one motion for reconsideration. To begin, I will deny the first motion to amend as moot because Alvarado filed a second motion, and I understand him to be asking me to accept his most recent proposed amended complaint. That leaves the motion for reconsideration and the second motion for leave to amend his complaint. In both, Alvarado explains that the screening order incorrectly says that that defendant Teana Jackson used her taser on him when it was actually Julio Ithier who used the taser and it was Jackson who failed to stop him. In turn, this means he *did* state an excessive force claim against Ithier, as well as a failure to protect/intervene claim against Jackson.

I find reconsideration is the more appropriate mechanism for addressing the factual mix-up. Federal Rule of Civil Procedure 60(b) allows for relief from an order in the event of a "mistake" (among other things). Alvarado's original complaint *does* allege that Ithier used the taser and that Jackson did not stop him. The error was not Alvarado's. In addition, Alvarado's proposed amended complaint is nearly identical to his original complaint (at least with respect to the claims on which he is proceeding). Allowing the record to reflect that the screening order should have reflected that Ithier used the taser and extending both constitutional claims against both defendants should not require any additional discovery. This was all one event; the evidence is the same regardless. Therefore, I will grant Alvarado's motion for reconsideration and deny as moot his second motion to amend his complaint. Alvarado is proceeding on constitutional claims of excessive force and failure to

2

protect, as well as state law claims for battery and intentional infliction of emotional distress.

   2. *Motion to Join Claims*

Alvarado filed a motion "for permissive joinder of parties and claims." (Docket # 33.) In it, he explains that this case and one of his other cases—19-CV-195—are related. In this case, as noted above, he is proceeding against defendant Jackson and Ithier on claims relating to an altercation on February 9, 2018. In 19-CV-195, he is proceeding against defendant Michael Stevens on a due process claim related to the conduct report he received as a result of the altercation. (Docket # 8 in 19-CV-195.)

Though Alvarado cites to Federal Rules of Civil Procedure 18 and 20, which allow for the joinder of claims and parties, respectively, I understand him to be asking me to consolidate his cases under Federal Rule of Civil Procedure 42(a). That rule says that if actions "before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. C. P. 42(a)(2). Though the cases do not share questions of law, they do share question of fact: everything stems from the plaintiff's altercation with officials and other inmates on February 9, 2018. The defendants do not oppose consolidation. (Docket # 37.)

Because the parties agree and because it will be more efficient for everyone involved, the court included, I will grant the motion and consolidate the cases. Under the Local Rules, all papers (that is, all motions, letters, etc.) will be docketed in this case (19-CV-194) going forward. Civil L.R. 42(b). Functionally, the two cases are now one case and further pleadings will proceed under this case number (19-CV-194).

3

3. *Motion for Order to Access His Case*

Alvarado also moves for an order directing the warden of his institution to allow him to watch the DVD of video relevant to his case, to e-file his documents, and to do his research. (Docket # 36.) He explains that the prison was on lockdown, which inhibited his ability to do these tasks. However, courts are reluctant to interfere with prison administrative matters unless a constitutional concern in present. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). However, the potential constitutional concern—that is, accessing the court—is not present here. Since filing this motion, Alvarado has filed five other motions, demonstrating he is able to access the court.[1] I will deny his motion.

I also note that these types of issues—such as lockdowns—are better addressed by giving plaintiffs more time to compete tasks. This case has been stayed, but now institutions are facing new challenges with COVID-19. If the plaintiff experiences issues with being able to meet deadlines, he should request more time.

4. *Motion for Extension, Sanctions, and for Matters for Consideration*

Alvarado filed a motion that he entitled "Motion for Extension, Sanctions, and Matters for Consideration." (Docket # 43.) In it, he details the problems he was experiencing litigating his case: issues from lockdown at his institution to his own mental health. Based on this, he asked for more time to conduct discovery and to file dispositive motions. This request is mooted by my text only order staying the deadlines in this case pending the resolution of Alvarado's motions to amend his complaint.

It is not clear why or against whom Alvarado seeks sanctions or what matters he wants me to consider. He does mention being placed on a paper restriction when he did not

---

[1] I also note that in a later motion, Alvarado says he was able to view the DVD. (Docket # 43 at 3.)

4

think he should be. (Docket # 43 at 2.) He also mentions a prison official (Joseph Beahm), whom he believes prevented him from accessing the courts. To the extent Alvarado thinks his constitutional rights have been violated by people and in ways not related to this case, he cannot bring those allegations here. There is no action for me to take with respect to sanctions or matters to consider. I will deny his motion as a whole.

5. *Motion to Compel*

Alvarado has also filed a motion to compel the defendants to respond more fully to certain discovery requests. (Docket # 44.) Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's lawyer before asking the court to get involved. And, if the parties cannot work out the dispute and a party files a motion to compel, that party must include proof in his motion that he first tried to work it out with the opposing party's lawyer.

Alvarado has not complied with Local Rule 37, so I will deny his motion without prejudice. Parties are often able to resolve their disputes without the court's help. I note that deadlines in this case have been stayed, but discovery is being reopened and the parties can attempt to work this out without the court's involvement. Informal resolution without the court's involvement saves both the court and the parties time and resources. Though the defendants explained their objections in their response to his request for the production of documents (*see* docket # 48), Alvarado should contact defense counsel (preferably by letter)

5

to get a better understanding of why the defendants objected to his requests. A brief discussion may easily resolve whatever issues exist and save everyone the time and effort of briefing a motion. I encourage the parties to be flexible and to work with one another in good faith. If the parties cannot reach an agreement and Alvarado decides to re-file the motion, he should be sure to comply with Civil Local Rule 37.

6. *Motion to Appoint Counsel*

Alvarado also filed a motion asking the court to appoint counsel for him. (Docket # 46.) I have the discretion to recruit counsel for individuals unable to afford an attorney in a civil case. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising my discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish et al.*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, I must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

6

When considering the second prong, I "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. I look at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–491. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

I am satisfied that Alvarado tried to find counsel on his own. The only remaining question is whether Alvarado is capable of continuing to litigate on his own. In his motion, Alvarado says that he needs an attorney because the incident occurred at the Milwaukee County Jail, and he is no longer housed there. He says an attorney would allow him to interview witnesses to the incident and the inmates who participated in the altercation. Alvarado also mentions obtaining testimony about his physical and mental injuries.

I appreciate that Alvarado is facing difficulties in contacting witnesses to, and participants in, the underlying altercation. However, I understand that there is video of the incident, and Alvarado has not explained what witness statements would add to his case. He was there and has demonstrated that he can recount what happened to him. With respect to medical and psychological issues, Alvarado is not proceeding on a medical claim. His claims are for excessive force and failure to intervene (plus two state law claims). He

7

does not need medical information to prove his claims. He will be able to provide information about his injuries—physical and otherwise—should the issue of damages arise.

Finally, I note that Alvarado has shown that he is able to advocate for himself effectively. He shows a general understanding of the law and has been able to participate in discovery, as well as file and respond to motions. I believe he will be able to complete discovery and dispositive motions without counsel. If something changes, he may renew his motion. But he should be specific about what has changed and why he needs attorney. I deny his motion without prejudice.

7. *New Dates*

Finally, I will set new dates. To ensure the parties have fully exchanged information, I will reopen discovery and set a deadline of **October 1, 2020**. Dispositive motions, along with all supporting materials, are due **November 2, 2020**.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Alvarado's motion for reconsideration (Docket # 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that Alvarado's motions to amend his complaint (Docket # 31, 53) are **DENIED as moot**.

**IT IS ALSO ORDERED** that Alvarado's motion to join claims (Docket # 33), which I construe as a motion to consolidate this case with 19-CV-195, is **GRANTED**. Both this case and 19-CV-195 will proceed under this case number.

**IT IS FURTHER ORDERED** that Alvarado's motion for order for access to his case (Docket # 36) is **DENIED**.

**IT IS ALSO ORDERED** that Alvarado's motion for extension of time, sanctions, and matters for consideration (Docket # 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Alvarado's motion to compel (Docket # 44) is **DENIED without prejudice**.

**IT IS ALSO ORDERED** that Alvarado's motion to appoint counsel (Docket # 46) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin this 28th day of August, 2020.

BY THE COURT:

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge